Urgell Cuebas, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
La Sociedad para Asistencia Legal (SAL) nos solicita en este recurso de apelación que revoquemos la sentencia emitida el 28 de septiembre de 2001 por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mediante la misma se desestimó la solicitud de inhibición que dicha entidad presentó contra la Hon. Heidi Scherrer Caillet-Bois, quien se desempeñaba como Juez Superior en el referido foro. Además, la SAL presentó una moción en auxilio de jurisdicción a los fines de que ordenásemos a la Hon. Scherrer Caillet-Bois abstenerse de participar en los casos en que los abogados de dicha entidad representen a personas imputadas en la comisión de un delito.
Atendidos los méritos del recurso, denegamos la moción en auxilio de jurisdicción y confirmamos lo dispuesto en la sentencia apelada.
*1009 I
SAL, Oficina Regional de Bayamón, presentó el 2 de agosto de 2000 ante el Tribunal de Primera Instancia un escrito titulado "Moción Solicitando la Inhibición al Amparo de la Regla 76(f) de Procedimiento Criminal". Dicho escrito no fue presentado en un caso particular que se estuviese ventilando ante la Hon. Scherrer Caillet-Bois, sino que fue sometido bajo el epígrafe Sociedad Para Asistencia Legal, Ex-Parte, asignándosele al mismo el número civil DPE2000-0601. En la moción se relatan diez incidentes, enumerados con las letras A a la J, que supuestamente habían ocurrido entre los abogados de SAL y la Juez Scherrer, a base de lo cual se solicitaba la inhibición. La vista señalada para dilucidar la moción fue presidida por el Juez Administrador de la Región Judicial de Bayamón, Hon. Heriberto Sepúlveda, quien luego de recibir la prueba declaró la moción no ha lugar. SAL no acudió en alzada de lo allí dispuesto.
Posteriormente, el 15 de mayo de 2001, SAL presentó dos mociones adicionales ante el Tribunal de Primera Instancia, solicitando la inhibición de la Juez Scherrer, tituladas igual que la anterior. En éstas presentó trece incidentes, identificados con las letras A a la M, y reiteró la solicitud de inhibición al amparo de la Regla 76(f) de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 76(f), en todos los casos en que la SAL, a través de sus abogados, representase a un imputado de delito. Una de estas mociones fue presentada con el epígrafe: Sociedad Para Asistencia Legal, Ex-Parte, al cual le fue asignado el número civil DPE2001-0404. El epígrafe del segundo escrito indicaba "El Pueblo de Puerto Rico" versus un listado de 32 imputados nombrados específicamente, "y otros". 
Los primeros diez incidentes incluidos en el caso DPE2001-00404, identificados con las letras A a J, son idénticos a los incluidos en la solicitud de inhibición presentada el 2 de agosto de 2000, caso DPE2000-0601.
Los incidentes relatados en la solicitud de inhibición, caso DPE2001-0404, son como sigue:

"PRIMERO: La sala de sesiones 403 está presidida por la Honorable Juez Heidi Scherrer Caillet-Bois.

SEGUNDO: Desde que comenzó a presidir dicha sala, han surgido varios incidentes con abogadas y abogados de la Oficina Regional de Bayamón de la Sociedad para Asistencia Legal (en adelante SAL Bayamón), entre los cuales se mencionan los siguientes:

A- En la vista preliminar en el caso de Pueblo v. Nurvia M. Cotto Martínez, se requirió a los licenciados José González Carro e Israel Hernández González que explicaran un conflicto planteado en el caso. La Honorable Juez obligó a SAL Bayamón a continuar representando a la imputada, luego de haberse planteado una solicitud de relevo de representación legal. En una resolución fechada 9 de febrero de 2000, la Honorable Juez hizo una serie de imputaciones de violaciones a los Cánones de Etica de la abogacía por parte de ambos abogados. En el Tribunal Superior, el 19 de abril de 2000, el Ledo. José González Carro reprodujo el planteamiento ante el Honorable Juez Angel Díaz del Valle y se relevó a SAL Bayamón de la representación legal de la imputada.
B- El 10 de febrero del 2000, SAL Bayamón se percató que existía conflicto de interés en los casos de Pueblo v. Rafael Nieves Díaz, y Pueblo v. Roberto Figueroa Santana, asignados a la Leda. Fremia Ceballos Germosén, y en los casos de Pueblo v. Marcos Marrero y Pueblo v. Noel Rivera, asignados a la Leda. Marie L. Díaz De León. Luego que ambas abogadas traen a la atención del Tribunal la existencia de los conflictos, la Honorable Juez ordenó la celebración de una vista especial en el Salón 604, ante el Honorable Juez Heriberto Sepúlveda Santiago, para ventilar las razones de conflicto en ambos casos. El Honorable Juez Sepúlveda, al amparo del caso de Pueblo v. Padilla Flores, determinó la ilegalidad de la vista ordenada y la existencia de los conflictos planteados por las abogadas, junto con los demás planteamientos que en derecho procedían.
C- El 15 de febrero del 2000, mientras la licenciada Marie Lynn Díaz De León postulaba en el Salón 402 y habiendo hecho las gestiones pertinentes para mantener al tribunal (sala 403) informado, la Honorable Juez reseñaló cinco vistas preliminares con cargo a la defensa, en los casos de Pueblo de P.R. v. Carmen J. Nieves Alvarez, Pueblo de P.R. v. Frankie Cruz Cabrera, Pueblo de P.R. v. Aline Hakine Santana, Pueblo de P.R. v. *1010 Samuel Concepción Pagán y Pueblo de P.R. v. Elena M. Albino Vázquez, luego de indicar que la abogada no se había reportado en sala en toda la mañana. La abogada radicó mociones de oposición a la transferencia de vista en cuatro de los casos y de desestimación al amparo de la Regla 64(n)(6) en el quinto de ellos, porque la fecha determinada por la Honorable Juez estaba fuera de término. La juez pautó una vista para la discusión de tres de las mociones para el 29 de febrero, luego que la defensa retirara dos en las que planteaba la oposición por resultar esta postura más beneficiosa para los imputados. Una vez empezada la vista, luego que la abogada mencionara los testigos a ser utilizados, la Honorable Juez pautó una reunión en cámara para la discusión del inciso décimo de la moción. Una vez reanudada la vista, la Honorable Juez, sin escuchar a los testigos enumerados, ni planteamiento de defensa, declaró sin lugar las mociones en los casos de Nieves Alvarez, Concepción Pagán y Cruz Cabrera, y no concedió término a la defensa para recurrir. El 10 de marzo de 2000, la licenciada recibió tres resoluciones. En ellas, la Honorable Juez, dentro de la discusión de su determinación, hizo una serie de imputaciones de violaciones a los cánones de ética por parte de la abogada. En los primeros dos casos, no hubo causa para acusar y el tercero fue desestimado al amparo de la Regla 64(p) de Procedimiento Criminal, por violación al debido proceso de ley, luego de celebrarse una vista evidenciaría el 16 de mayo del 2000, ante el Honorable Juez Juan Maldonado, del Salón de Sesiones 603.

D- La Licenciada Wanda Valentín Custodio radicó una moción de conflicto en el caso de Pueblo v. Awilda Hernández Colón y Rigoberto Ayala Santana. El día de la vista preliminar, 27 de marzo de 2000, la Honorable Juez reseñaló el asunto porque la licenciada no estaba presénte, a pesar de no ser la abogada del caso, sino la abogada que anunció el conflicto. El 5 de abril del 2000, la Honorable Juez reseñaló nuevamente el asunto, luego de indicar que la abogada no se había presentado a sala. El día del tercer señalamiento, 10 de abril del 2000, la abogada se presentó en la sala, a pesar de no haber sido citada oficialmente. La Honorable Juez le indica que asignó abogado de oficio de un co-imputado, pero que tendría que asumir la representación legal del otro. La licenciada le recordó, al verificarse la moción, que podía verse que en el epígrafe se había incluido a ambos imputados, y que se anunció que el conflicto de interés aplicaba a ambos, que el señor Ayala Santana había sido cualificado como indigente, y que procedía que se le asignara un abogado de oficio. La Honorable Juez le preguntó la razón del conflicto y pidió que lo explicara. La licenciada citó la jurisprudencia aplicable para concluir que existe impedimento para ventilar los motivos del conflicto, a lo que la Honorable Juez dijo: "Esto es sencillo; el tribunal le está ordenando que explique el conflicto". La abogada le indica al tribunal que no puede explicarlo. La Honorable Juez le preguntó que si ella se estaba negando a cumplir con una orden del tribunal. La licenciada le indicó que nunca se negaba a cumplir las órdenes del tribunal, pero que no reconocía la presente orden por ser contraria a derecho y por ir por encima de los cánones de ética que rigen la profesión legal. La Honorable Juez le indicó que la encontraba incursa en desacato y señaló una vista para el 15 de mayo de 2000. La licenciada le preguntó en cúal sala se vería el asunto, a lo que la Honorable Juez le indicó que sería en su sala, a base del contenido del expediente, ya que ella entendía que tenía razón. El 15 de mayo, la licenciada Valentín acudió representada por sus abogados, quienes solicitaron al tribunal que pasara el expediente a otra sala, debido al impedimento de la Honorable Juez de entender en el asunto. La Honorable Juez le indicó al licenciado Félix Vélez Alejandro, en representación de SAL, que si él deseaba que ella se inhibiera, él debió presentar una moción al efecto previo a la vista y si no la radicó a tiempo, ella procedería a ver la vista. El licenciado Vélez le explicó el derecho aplicable a la figura del desacato e indicó que la solicitud no era de inhibición, sino de la existencia de impedimento de celebrar la vista por ser ella juez y parte en el asunto. Ella le indicó a los abogados que ella quería una explicación, que si se insistía en ver la vista, se referiría el asunto a la consideración del Tribunal Supremo. Finalmente, la Honorable Juez accedió a enviar el expediente al Juez Administrador de la Región Judicial de Bayamón, indicando además que ella sabía cómo él resolvería, ya que ambos habían discutido el asunto. El asunto no ha sido calendarizado a esta fecha.

E- Durante el mes de mayo del 2000, la Honorable Juez le indicó al suscribiente que si podía investigar cuál era el 'abogadito' que tenía a cargo una vista preliminar por SAL Bayamón. Esta frase fue utilizada de forma peyorativa, y constituye una falta de respecto crasa al trabajo que realizan nuestros abogados.

F- El pasado 21 de junio de 2000, la Honorable Juez intervino en la vista preliminar del caso de Pueblo v. Fernando Bruno Vega y Carlos González Dávila. El señor Bruno Vega fue representado por el licenciado Carlos *1011 López Jiménez y el señor González Dávila por el licenciado Ramón Negrón. Por tratarse de un caso de similar naturaleza para los imputados, ambos compañeros hicieron sus respectivos interrogatorios de manera similar. No obstante, a base de los gestos y comportamiento total de la Honorable Juez, fue notable que de ésta emanaba una actitud discriminatoria hacia el trabajo realizado por el abogado de SAL Bayamón. Un trato inminentemente diferencial era notable, por ejemplo, de las objeciones que realizó el compañero de SAL y el licenciado Negrón, donde a este último se les resolvían favorablemente, mientras no así al primero, siendo ambas por planteamientos idénticos.

Gr El 27 de junio del 2000, entre las 9:00 y 9:10 a.m., la licenciada Wanda Valentín Custodio se presentó a la sala 403 y le indicó al alguacil de sala que ella representaba al imputado en el caso de Pueblo v. José Sánchez Sánchez, y que deseaba saber si la prueba del Ministerio Público estaba completa. Este le indicó que el agente que sometió el caso no había llegado. La licenciada le señaló que estaba en la sala 401, ya que tenía seis (6) asuntos pendientes en esa sala, y le solicitó que cuando el asunto estuviese listo, le avisaran. A las 11:50 a.m., la abogada terminó su trabajo en la sala 401 y regresó a la 403. Al llegar, le indicó al tribunal que el asunto sería para verse en su fondo y solicitó que se dejara para horas de la tarde, por la proximidad de la hora de almuerzo. La Honorable Juez ripostó que reseñalaría el asunto para otra ocasión, por haber una vista preliminar de asesinato en horas de la tarde. La licenciada le indicó que tenía otra vista en la sala 402 y le sugirió que mientras se veía el asesinato, la licenciada podía atender el asunto en la 402, para entonces ver la vista. En ese momento, el fiscal del [sic] sala le comentó a la abogada que la juez tenía una cita médica a las 4:00 p.m. Inmediatamente, la licenciada comprendió la situación y solicitó que el asunto fuese reseñalado dentro del término. La Honorable Juez le expresó que la suspensión sería con cargo a la defensa porque a las 12 del mediodía no era la hora de presentarse en sala. La abogada le explicó entonces que se había presentado a sala temprano en la mañana y le narró lo antes indicado. La Honorable Juez le indicó a la abogada, mientras la señalaba con el dedo índice, que lo dicho no era cierto, porque ella había abierto sala a las 9:00 a.m. y que había visto que la prueba estaba completa. Cuando insistió la licenciada Valentín que la suspensión no debía cargarse a la defensa, la Honorable Juez le tomó juramento a los testigos del caso, para ver la vista en ese momento. Lá abogada insistió en que no podía ver la vista porque ya estaba en su período de almuerzo y tenía otros asuntos en horas de la tarde. La Honorable Juez resolvió que la suspensión era con cargo a la defensa y le solicitó a ésta que le diera fecha de reseñalamiento. Mientras la abogada trataba de hacer los planteamientos de derecho aplicables, la Honorable Juez le dijo que no quería escuchar otra cosa que no fuese la fecha, que si insistía, la encontraría incursa en desacato sumario con 90 días de cárcel. La licenciada le dijo al tribunal que dispusiera éste la fecha, por estar opuesta a su determinación.

H- El 20 de julio del 2000, la Honorable Juez transfirió con cargo a la defensa, la vista preliminar en el caso de Pueblo v. Luis A. Vera Picoreli, mientras la licenciada Nadia Altieri Nieto postulaba en el Salón de Sesiones 401; además emitió una orden de mostrar causa en contra de la abogada. La misma situación ocurrió el 20 de julio en los siguientes casos, a cargo de la misma abogada: Pueblo v. Pablo Pérez Cintrón, Pueblo v. Jorge L. Rivera Santiago y Pueblo v. Jacinto Cedeño Huertas. En ambas fechas, la licenciada había hecho las gestiones pertinentes para mantener al Tribunal informado en cuanto a la sala en la que se encontraba.
I- El 1 de agosto del 2000, la Honorable Juez transfirió con cargo a la defensa una serie de vistas preliminares, mientras la licenciada Marie Lynn Díaz De León postulaba en el Salón 402, a pesar de ésta haber hecho las gestiones necesarias para mantener al Tribunal informado. La Honorable Juez le indicó a los imputados de los referidos asuntos que se reseñalaba el caso porque la abogada no estaba presente cuando se llamó el caso. Además, ella emitió sendas órdenes de mostrar causa en contra de la abogada. También indicó que los reseñalamientos obedecían a que había en calendario una vista preliminar con más de diez imputados (incluyendo uno representado por la licenciada), pautada para esa fecha. Al llamarse oficialmente el caso, el mismo tuvo que reseñalarse por conflicto de interés planteado por uno de los abogados de la práctica privada. Es en ese momento que la Honorable Juez reconoció que de haber conocido la situación hubiese llamado esa vista primero. Pero en esa situación, no se quiso resolver el asunto hasta que todos los abogados de la práctica privada involucrados estuviesen presentes, y hasta esperó que algunos de ellos regresaran de postular de otras salas. Las vistas reseñaladas corresponde [sic] a los casos de Pueblo v. José L. Ramos Rodríguez, Pueblo v. *1012 Benito García Casillas y Pueblo v. Carmelo Rivera Pabón.

J- La misma situación ocurrió en esa fecha con las siguientes vistas asignadas a la licenciada Fremia Ceballos Germosén, mientras ésta postulaba en otra sala de vista de vista preliminar. Pueblo v. Rafael Torres Cruz y Pueblo v. Miguel A. Vázquez Otero.

K- El día 23 de enero de 2001, le impuso un desacato sumario a la Leda. Maritza Luna en el caso del Pueblo de Puerto Rico v. Jesús M. Torres Paul alegando que ésta le había hecho unas manifestaciones y sin estar la abogada presente.

L- Ha estado amenazando con imponer desacatos sumarios a abogados de la Sociedad Para Asistencia Legal por supuestamente estar hablando en voz baja en sala e inclusive le ha pedido a algunos de los abogados que abandonen la sala. Esto le ocurrió a la Leda. María del Pilar González, la Leda. Sylvia Sepulveda, la Leda. Alice Agosto, la Leda. Ana María Martínez y Leda. Iara Rodríguez.

M- Durante el tumo de Vista Preliminar de la Leda. Gloria Maynard, la Juez:Scherrer constantemente se ha pasado solicitando fundamentos de derecho en todas sus objeciones, conducta que dentro del marco legal es perfectamente permitida, pero cuando hay otros coacusados-con abogado, dicha práctica no se utiliza para con éstos ni para los fiscales que postulan en dicha sala. Además, continuamente hace preguntas dirigidas cuando el fiscal no ha probado la totalidad de los elementos. Hasta el grado de que en una vista declaró a una testigo como testigo hostil sin haberlo solicitado el Ministerio Público."

Al día siguiente, 21 de mayo de 2001, SAL presentó una moción en el caso DPE2001-0404 en la que incluye las siguientes dos alegaciones adicionales:

"Actualmente se ventila un proceso disciplinario contra la Juez Scherrer donde abogados de la Sociedad Para Asistencia Legal de Bayamón han sido entrevistados y han prestado declaraciones juradas relacionadas con los hechos que se discuten en la querella. Evidentemente, esta situación ha afectado las relaciones y ánimo de la Honorable Juez para con los abogados de la oficina.

Lamentablemente, no sólo los abogados se han visto perjudicados por dicha situación, sino clientes o potenciales clientes de nuestras oficinas también se han perjudicado. Ejemplo de ello son las constantes violaciones a los derechos constitucionales que le asisten cuando son sometidos a registros, arrestos y privación de la libertad por comparecer a su sala sin haber sido conferenciado [sic] la Sociedad para Asistencia Legal y sin representación legal."

Para entender en la petición, caso DPE2001-0404, objeto de este recurso, fue designado el Hon. Aurelio Gracia Morales, Juez Superior. Entre otros incidentes interlocutorios, el tribunal resolvió que el Ministerio Público venía obligado a participar en el procedimiento de inhibición y que la juez concernida no tenía derecho a intervenir en el mismo. Habiéndosele requerido al Ministerio Público que se expresara, éste presentó una moción de desestimación. SAL no presentó oposición a ésta.
El 28 de septiembre de 2001, el tribunal a quo emitió sentencia, denegando la solicitud de inhibición.
Inconforme con el dictamen del tribunal, SAL acudió en alzada ante nos, señalando:

"1. Erró el Honorable Tribunal de Primera Instancia al desestimar la solicitud de recusación presentada por S.A.L. contra la Hon. Heidi Scherrer Cailet-Bois [sic] cuando es de conocimiento judicial que contra ésta existe una determinación de causa probable en la querella AD-2001-5 en cuyo procedimiento varios abogados de S.A.L. han prestado declaraciones juradas contra la Juez y han sido entrevistados como testigos al respecto.

2. Erró el Honorable Tribunal de Primera Instancia al desestimar la solicitud de recusación presentada 
*1013
contra la Hon. Heidi Scherrer Caillet-Bois por S.A.L. sin tomar en consideración los motivos en los cuales se basa la petición y sin celebrar una vista en los méritos.

3. Erró el Honorable Tribunal de Primera Instancia al desestimar la solicitud de recusación presentada por S.A.L. contra la Hon. Heidi Scherrer Caillet-Bois al basar su determinación en el caso Departamento de Justicia, Representado por el Fiscal de Distrito de Ponce, Ex-Parte (KLCE-01-00153), el cual no aplica a la controversia de autos.

4. Erró el Honorable Tribunal de Primera Instancia al desestimar la solicitud de recusación instada por S. A.L. contra la Hon. Heidi Scherrer Caillet-Bois al tomar en consideración la solicitud de desestimación presentada por el Ministerio Público cuando éste no debió comparecer como parte en este proceso.

Conjuntamente con el recurso, SAL presentó una moción en auxilio de jurisdicción solicitando que ordenásemos a la Juez Scherrer abstenerse de participar en los casos en los cuales los abogados de SAL representasen a un imputado de delito. El Procurador General ha comparecido en representación del Ministerio Público, por lo que procedemos a resolver.
II
La Regla 76, supra, dispone como sigue:

"Regla 76. INHIBICION; FUNDAMENTOS.

En cualquier proceso criminal, El Pueblo o la defensa podrán solicitar la inhibición del juez por cualquiera de los siguientes motivos: (Enfasis suplido.)

(a) Que el juez haya sido fiscal o abogado de la defensa en el caso.

(b) Que el juez sea testigo esencial en el caso.

(c) Que el juez haya presidido el juicio del mismo caso en un tribunal inferior.

(d) Que el juez tenga interés en el resultado del caso.

(e) Que el juez tenga relaciones de parentesco por consanguinidad o afinidad dentro del cuarto grado con el acusado, con la víctima del delito imputado, o con el abogado defensor o el fiscal.

(f) Que el juez tenga opinión formada o prejuicio a favor o en contra de cualquiera de las partes, o haya prejuzgado el caso. (Enfasis suplido.)

(g) Que el juez haya actuado como magistrado a los fines de expedir la orden de arresto o de citación o a los fines de determinar causa probable en la vista preliminar."

Además, nos parece apropiado recopilar el comentario del Dr. José A. Cuevas Segarra sobre las solicitudes de inhibiciones de su obra Tratado de Derecho Procesal Civil, Publicaciones JTS, 2000, T. II, págs. 1116-1117. Allí, al comentar sobre la Regla 63 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 63, homologa de la Regla 76 que aquí nos concierne, dicho tratadista expone lo siguiente:
"La moderna práctica in crescendo de solicitar festinadamente inhibiciones de jueces, debe abandonarse. Las infundadas peticiones de inhibición violentan el sano equilibrio y trastocan la independencia judicial imprescindible en nuestro sistema de separación de poderes. Por otro lado, las garantías procesales de los jueces, en estas situaciones, deben reconocerse para que puedan defenderse de ataques improcedentes. Al advenir a esta noble profesión, al juez no puede considerársele como que renuncia a defender su honra y *1014 dignidad, así como su título y trabajo. La judicatura de Puerto Rico es bastión de pureza que todavía sobrevive al ataque vicioso que es signo de la militancia contemporánea, y sobre el abogado recae principalmente la obligación de preservar el honor del magistrado en todos sus actos, no sólo en la tradicional fórmula de "Vuestro Honor", cuando a él se dirige en el tribunal. No podrá haber civilización si decaen la magistratura y la abogacía; brazos inseparables de la justicia. In re: Vázquez Báez, 110 D.P.R. 628 (1981) (Per Curiam). El abogado, en el descargo de su responsabilidad como representante de su cliente, debe actuar sin temor cuando tiene motivos fundados para solicitar la inhibición de un juez; sin embargo, debe ser cauteloso, sobre todo, cuando el motivo de inhibición que invoca como causa es conducta reñida con la ética judicial. Y mientras más grave sea la imputación, mayor debe ser su ponderación de las bases de la misma. La fe en la justicia se nutre y se fortalece con el concepto de alta moralidad que se tenga de quienes la imparten. En el descargo de su obligación como servidores de la justicia, los abogados deben ser celosos guardianes del prestigio de quienes tienen esa difícil y noble misión. Jamás deben hacerse eco de información que puedan desmerecerles, a menos que estén en condiciones de substanciarla cumplidamente. Deben recordar que la calumnia respecto a los hombres de honor, siempre deja su huella de infamia. In re: Criado Vázquez, 108 D.P.R. 643 (1979) (Per Curiam). ..."
La Regla 76, supra, nos indica en su primer párrafo que "[e]n cualquier proceso criminal, El Pueblo o la defensa podrán solicitar la inhibición del juez". Una vez presentada dicha moción, si ésta se funda en los incisos (d) o (f), la misma será vista por otro juez. Regla 79 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 79. En forma similar a cualquier otra moción presentada dentro de un caso criminal, el juez, a quien la misma es referida, considerará los planteamientos orales o escritos del Ministerio Público y de la defensa y recibirá aquella prueba necesaria para adjudicarla. De resolver a favor de la inhibición solicitada, ese caso criminal en particular será reasignado a otro juez, quien continuará con los procedimientos en el mismo. Por su diseño, la moción de inhibición al amparo de la Regla 76(f) provee un remedio aplicable solamente al caso en que dicha moción es presentada.
La petición de SAL fue referida, siguiendo lo dispuesto en la Regla 79, supra, al Hon. Aurelio Gracia Morales para su consideración. Luego de ciertos procedimientos interlocutorios, el Ministerio Público presentó una solicitud de desestimación. En ésta adujo que procedía la desestimación, entre otros, porque dicha solicitud no se presentó dentro de un proceso criminal particular y porque la autoridad bajo la Regla 76, supra, para decretar la inhibición de un juez se limita a un caso particular, respecto al cual el magistrado que adjudica la solicitud de inhibición concluya que el juez, asignado no está en condiciones para adjudicarlo de manera imparcial. El tribunal le concedió a SAL hasta el 15 de agosto de 2001 para oponerse a la solicitud de desestimación. SAL no compareció en oposición, y el 28 de septiembre siguiente, dicho magistrado emitió la sentencia que está bajo nuestra consideración.
Pasemos a considerar los señalamientos de errores a la luz del derecho y del trámite procesal del caso DPE2001-0404.
En el primer señalamiento de error, SAL informa que en los procedimientos para dilucidar la querella AD-2001-5, un Comisionado Asociado de la Comisión de Disciplina y de Separación del Servicio por Razón de Salud de Jueces del Tribunal de Primera Instancia y del Tribunal de Circuito de Apelaciones (Comisión de Disciplina) determinó causa probable para que se prosiga con el procedimiento disciplinario contra la Juez Scherrer Caillet-Bois. Aduce que ello es razón suficiente para concluir que procede la recusación.
El asunto mencionado está dentro del ámbito de la jurisdicción disciplinaria del Tribunal Supremo de Puerto Rico, donde se está llevando a cabo el procedimiento establecido para dicho propósito, el cual aún está inconcluso, sin que haya recaído una decisión final sobre los méritos de la querella. Corresponde al Tribunal Supremo, en su día, tomar la decisión que entienda apropiada. No nos compete tomar en consideración la determinación del referido Comisionado Asociado para resolver si el Tribunal de Primera Instancia erró al denegar la solicitud de inhibición.
*1015 SAL aduce en el segundo señalamiento de error que el tribunal no celebró vista evidenciarla para dilucidar los hechos alegados como fundamento para la solicitud de inhibición. Además, plantea que el tribunal de instancia no tomó en consideración los motivos que tuvo para solicitar la inhibición.
La petición presentada por SAL está fundamentada en lo dispuesto en la Regla 76(f) de Procedimiento Criminal, supra. La misma no contempla la presentación de una causa ex-parte, sino es un remedio que se provee dentro del procedimiento criminal de un caso particular que se esté tramitando
Es un principio fundamental de nuestro ordenamiento jurídico que los remedios judiciales generalmente sólo pueden ser concedidos cuando existe un caso o controversia real entre litigantes que se verían verdaderamente afectados por el pronunciamiento que emita el tribunal. Véase, E.L.A. v. Aguayo, 80 D.P.R. 552, 601 (1958); R. Serrano Geyls, Derecho Constitucional de Estados Unidos y Puerto Rico, Col. de Abogados, San Juan, 1986, Vol. I, págs. 97 a 194. Por constituir una excepción a dicha norma, los procedimientos ex-parte han de tener autorización estatutaria expresa.
Nuestro derecho procesal reconoce ciertos recursos ex-parte en los artículos 534 a 637 del Código de Enjuiciamiento Civil, conocidos como la Ley de Procedimientos Legales Especiales, 32 L.P.R.A. sees. 2241 a 2971. Estos reglamentan situaciones específicas de jurisdicción voluntaria, tales como, juicios de testamentaría y ab intestato, acciones en relación con menores e incapacitados y otros. Los referidos artículos no tienen relación alguna con una solicitud de inhibición en un caso criminal.
Además, la Regla 42.1 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 42.1, permite los procedimientos ex-parte al disponer que "[e]l tribunal tendrá facultad para conocer de procedimientos de jurisdicción voluntaria, ex parte, que son todos aquéllos en que sea necesario, o se solicite, la intervención del juez, sin estar empeñada ni promoverse cuestión alguna entre partes conocidas y determinadas, siempre que tenga jurisdicción sobre la materia." Los argumentos presentados por SAL no indican que esté reclamando que su solicitud deba ser atendida al amparo de la Regla 42.1, supra. Menos aún se discierne de éstos razón para concluir que se cumple con los requisitos de la Regla 42.1, supra, sobre ausencia de controversia de hechos y jurisdicción sobre la materia. En el caso de autos, es obvio que la aseveración por SAL de que los incidentes incluidos en la solicitud de inhibición constituyen evidencia de que la juez tiene opinión formada o prejuicio en contra sus clientes, o que haya prejuzgado tales casos, es una aseveración controversial, por lo que no calificaría como aseveraciones de hechos no controversiales.
A la luz de lo anterior, concluimos que el Tribunal de Primera Instancia no erró al desestimar la petición de inhibición que se presentó como un procedimiento ex-parte, y no en un caso particular conforme provee la Regla 76, supra. Concluimos, además, que tratándose de un asunto estrictamente de derecho, no venía obligado a celebrar una vista evidenciaría para pasar juicio sobre los méritos o motivos que se fundamentaba SAL para solicitar la inhibición en este caso.
Por otro lado, consideramos propio señalar que el remedio interesado por SAL, esto es, la inhibición de la juez en todos los casos en que intervenga un abogado de dicha entidad, claramente no está contemplada ni autorizada por la Regla 76, supra. Por su naturaleza, la disposición de una moción al amparo de la Regla 76, supra, solamente afecta el caso dentro del cual es presentada. El juez no tiene autoridad para proveer un remedio más abarcador.
No podemos perder de vista que lo que persigue SAL es la descalificación de la Juez Scherrer en todos los procedimientos criminales en que los abogados de dicha entidad representen a un imputado de delito. Para todos los efectos, se pretende con ello que, en forma general y no en una causa en particular, la juez aquí concernida quede inhabilitada de ejercer su función judicial. Este remedio sólo lo puede proveer el Tribunal Supremo, ya sea en su jurisdicción disciplinaria o administrativa. Regla 7 de las de Administración del Tribunal de Primera Instancia, 4 L.P.R.A. Ap. II-B, R. 7.
*1016 En el tercer señalamiento de error, SAL aduce que incidió el tribunal a quo al basar su determinación en lo resuelto en el caso Departamento de Justicia, Representado por el Fiscal de Distrito de Ponce, Ex-Parte, KLCE-01-00153. Según ésta, los hechos del caso de autos son distinguibles al antes mencionado. Dicho planteamiento es inmeritorio. Un señalamiento de error y sus fundamentos deben exponer razones que justifiquen la revocación del dictamen judicial impugnado. El referido caso fue utilizado por el tribunal a quo para facilitar su exposición a los efectos de que no procedía la solicitud de inhibición en un procedimiento ex-parte. Como indicamos en la discusión del segundo error, el tribunal de instancia resolvió correctamente al desestimar la petición ex-parte, por lo que resulta innecesario extendemos en el análisis para concluir que no se cometió el error señalado.
En el cuarto señalamiento de error, SAL sostiene que al considerar la petición de inhibición, el tribunal no debió permitir la comparecencia del Ministerio Fiscal.
Este señalamiento es inmeritorio y frívolo. El Ministerio Público es claramente una parte que debe ser escuchada, pues la inhibición de un juez afecta los procedimientos judiciales, en los que El Pueblo de Puerto Rico tiene un interés predominante. Además, nada impide que el tribunal pueda solicitar su asistencia, pues como funcionario del tribunal está obligado a contribuir al buen funcionamiento de los procedimientos judiciales. No erró el tribunal a quo. Finalmente, no vemos como la participación del Ministerio Público pueda acarrear la revocación de la sentencia en este caso. Nos preguntamos, ¿en qué se perjudicó SAL?
III
Por las consideraciones antes expuestas, se deniega la moción en auxilio de jurisdicción y se confirma la sentencia del Tribunal de Primera Instancia.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 2002 DTA 57
1. En la Moción Solicitando Desestimación presentada por el Fiscal de Distrito de Bayamón, se indicó que SAL sometió una cuarta solicitud de inhibición contra la Juez Scherrer, de la cual SAL desistió antes de que fuese adjudicada.
2. El epígrafe de esta segunda moción presentada el 15 de mayo de 2001, no indica los números de los casos asociados con cada uno de los nombres incluidos. Además, en el cuerpo de la moción no se define quiénes son "y otros". Excepto por el epígrafe, el contenido de esta segunda moción es idéntico al de la moción adjudicada en la sentencia apelada. Independientemente de lo anterior, se desprende claramente del epígrafe de la sentencia apelada que lo que ésta adjudica es lo planteado en el caso Sociedad para Asistencia Legal, Ex-Parte, caso DPE2001-0404.
3. La súplica de la moción solicita "la inhibición de la Honorable Juez Heidi Scherrer Caillet-Bois, del Tribunal de Primera Instancia, para entender en este caso y en todos los casos en los que intervenga como parte la Sociedad para Asistencia Legal, por entender respetuosamente que la Honorable Juez tiene prejuicio en contra de los abogados de SAL, lo que la inhabilita para conducir los procedimientos de manera justa e imparcial, con el decoro y sensibilidad que exige tan alto ministerio. Ante tal situación, el único recurso disponible es la recusación de la Honorable Honorable [sic] Juez Scherrer Caillet-Bois."
4. La Juez Scherrer y SAL recurrieron ante nos de dicha resolución por medio de los recursos KLCE-01-00807 y KLCE-01-00899, respectivamente. Luego de consolidarlos, denegamos la expedición del auto de certiorari. Posteriormente, SAL acudió al Tribunal Supremo, CC-2001-670, en cuyo recurso también se denegó la expedición del auto de certiorari.
5. El Hon. Aurelio Gracia Morales es Juez Administrador de la Región Judicial de Aibonito.